39 F.3d 1176
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mairin DOYLE; Brian Doyle; Margaret Doyle, Plaintiffs-Appellants,
v.
ARLINGTON COUNTY SCHOOL BOARD, Defendant-Appellee,
and
Arthur W. GOSLING; S. John Davis; Virginia Department of
Education, Defendants.
 No. 92-2313.
 United States Court of Appeals, Fourth Circuit.
 Argued Sept. 29, 1993.
Decided Oct. 31, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-89-1416-A)
 Michael Jeffrey Eig, Bogin & Eig, Washington, DC, for appellants.
 Thomas John Cawley, Hunton & Williams, Fairfax, VA, for appellee.
 Matthew B. Bogin, Bogin & Eig, Washington, DC, for appellants.
 John F. Cafferky, Hunton & Williams, Fairfax, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, Circuit Judge, and BUTZNER and CHAPMAN, Senior Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Mairin Doyle and her parents, Brian and Margaret Doyle, appeal from the district court's judgment on remand reversing the local hearing officer and finding that the school system's proposed placement would provide Mairin with a free appropriate public education. They argue, primarily, that the district court did not follow this court's mandate in Doyle v. Arlington County Sch. Bd., 953 F.2d 100 (4th Cir.1991), to give a presumption of correctness and due weight to the administrative factual findings.
 
 
 2
 A full recitation of the facts is not necessary and is available in our prior opinion, 953 F.2d at 102, and the district court's opinion on remand, Doyle v. Arlington County Sch. Bd., 806 F.Supp. 1253 (E.D. Va.1992). Mairin is a severely disabled teenager who requires special education. In 1988 her parents sought placement and funding from the Arlington school system for her education at the Lab School of Washington, a private institution. Following a thorough evaluation of Mairin's educational needs, which concluded in an Individualized Education Program (IEP), the school system proposed that Mairin be placed in a self-contained class for learning disabled students at Nottingham Elementary School, a public institution.
 
 
 3
 Upon review, on April 25, 1989, a local administrative hearing officer decided in favor of the Doyles, concluding that the Lab School provided the free appropriate public education required under the Individuals with Disabilities Education Act (IDEA). 20 U.S.C. Secs. 1400-1485. This decision was reversed by a state level review officer on July 21, 1989. On June 22, 1990, following a full hearing on the administrative record and additional testimonial and documentary evidence, the district court agreed with the state review officer and found no violation of IDEA. The court's opinion did not refer to the administrative factual findings. The Doyles appealed to this court claiming primarily that the district court had not given proper deference to the factual findings of the hearing officer. We remanded with instructions that the district court give due weight, including a presumption of correctness, to the relevant administrative factual findings. Doyle, 953 F.2d at 105, 106.
 
 
 4
 On remand, the district court provided a detailed explanation as to why it accepted or rejected each of the hearing officer's factual findings.[1] Doyle, 806 F.Supp. at 1253-63. The district court again found in favor of the school system, holding that the proposed placement at Nottingham provided Mairin a free appropriate public education. The Doyles appealed to this court for the second time.
 
 
 5
 The Doyles claim that the district court did not follow our mandate on remand to treat the hearing officer's factual findings as prima facie correct and to give them due weight in its final decision because the court re-adopted the factual findings of its prior opinion and used those findings in rejecting those of the local hearing officer. The district court in reviewing a state administrative placement decision under IDEA is charged with making an independent decision based on a preponderance of the evidence, while giving due weight to the state administrative proceedings. See Doyle, 953 F.2d at 103; Hendrick Hudson Dist. Bd. of Educ. v. Rowley, 458 U.S. 176, 206 (1982). We are of opinion that, although the district court did not expressly state that it considered the administrative findings to have prima facie correctness during its discussion of due weight, that court substantially followed our mandate when it discussed in detail the reasons for accepting or rejecting the hearing officer's factual findings.
 
 
 6
 Thus, we affirm for the reasons stated in the opinion of the district court.[2]
 
 AFFIRMED
 
 
 [1]
 The district court noted that in addition to personally hearing testimony of most relevant witnesses, it had before it more evidence than had the hearing officer, including an audio-tape of Mairin, a number of additional reports about Mairin, and an updated school system IEP. Doyle, 806 F.Supp. at 1254
 
 
 [2]
 The Doyles also claim that the district court committed error in discrediting their witnesses and in finding no procedural error. We find no merit to these contentions